# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00190-MR-WCM

| | |
|---|---|
| ANGELA EARLS, ) ) Plaintiff, ) ) vs. ) ) FORGA CONTRACTING, INC. and ) WILLIAM SCOTT FORGA, ) ) Defendants. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Memorandum in Support of Plaintiff's Motion for Attorneys' Fees [Doc. 14].

## I.   BACKGROUND

On June 6, 2019, the Plaintiff Angela Earls (the "Plaintiff") brought this action against Forga Contracting, Inc. ("FCI") and its sole owner, William Forga ("Forga" and collectively the "Defendants"), asserting claims for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§95.25.1 et seq.; the North Carolina Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen. Stat. § 95-241 et seq.; and North Carolina Public Policy. [Doc. 1].

The Defendants were served on July 22, 2019, and the Plaintiff filed affidavits of service with the Court on July 30, 2019. [Docs. 3, 4]. On September 24, 2019, the Plaintiff moved for Entry of Default against the Defendants for failing to plead or otherwise defend this action. [Doc. 5]. On the same date, the Clerk entered a default against the Defendants. [Doc. 6]. On December 12, 2019, the Court entered an Order instructing the Plaintiff to file an appropriate motion or otherwise take further action with respect to the Defendants. [Doc. 7]. On December 26, 2019, the Plaintiff filed a Motion for Entry of Default Judgment [Doc. 8]. The Court held a hearing on the Plaintiff's Motion on March 12, 2020.

On March 30, 2020, the Court entered a default judgment against FCI in the amount of $150,571.56 under the REDA and jointly and severally against FCI and Forga in the amount of $3,168.14 under the NCWHA and the FLSA. [Doc. 11 at 28-29]. The Court denied the Plaintiff's request for attorneys' fees without prejudice because she provided no evidence to support her request. [Id. at 29]. On April 16, 2020, the Plaintiff filed a Memorandum in Support of Plaintiff's Motion for Attorneys' Fees. [Doc. 14].

II. **STANDARD OF REVIEW**

"The starting point for establishing the proper amount of an award is the number of hours reasonably expended, multiplied by a reasonable hourly

2

Case 1:19-cv-00190-MR-WCM   Document 15   Filed 06/09/20   Page 2 of 16

rate." Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 174 (4th Cir. 1994). The burden is on the fee applicant to justify the reasonableness of the requested fee. Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

In exercising its discretion in the application of this lodestar method, the Court is guided by the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Grissom v. The Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008) (quoting Spell v. McDaniel, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987)).

"Although the Court considers all of the factors, they need not be strictly applied in every case inasmuch as all of the factors are not always applicable." Firehouse Restaurant Group, Inc. v. Scurmont, LLC, No. 4:09-cv-00618-RBH, 2011 WL 4943889, at *12 (D.S.C. Oct. 17, 2011) (citing EEOC v. Service News Co., 898 F.2d 958, 965 (4th Cir. 1990)).

## III. DISCUSSION

The Plaintiff argues that she is entitled to an award of attorneys' fees and litigation costs under the REDA, the NCWHA, and the FLSA. [Doc. 14 at 1]. The Plaintiff asserts that she incurred 83.5 hours on this case. [Doc. 14 at 4]. Of those hours, the Plaintiff claims that attorney Jason Chestnut incurred 75.20 hours at $295 per hour and 12.20 hours at $275 per hour and attorney Craig L. Leis incurred 7.1 hours at $450 per hour and 1.2 hours at $425 per hour. [Id.; Doc. 14-1 at ¶¶ 16, 19]. As such, the Plaintiff requests $25,705 in fees. [Doc. 14 at 2]. Of those fees, the Plaintiff estimates that $2,410 fees were incurred exclusively in pursuit of the REDA claim, which the Court found was violated by FCI, not Forga. [Id. at 4 n.1]. The balance of the fees arises from the pursuit of all of the claims, which are interrelated.

### A. Attorneys' Fees

The Plaintiff is entitled attorneys' fees under the FLSA, which provides that when a plaintiff prevails a court "shall . . . allow a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b). The Plaintiff also can obtain attorneys' fees under the NCWHA, which provides that when a plaintiff prevails a court "may, in addition to any judgment awarded plaintiff, order costs and fees of the action and reasonable attorneys' fees to be paid by the defendant." N.C. Gen. Stat. § 95-25.22. The Plaintiff also can get attorneys'

4

fees under REDA, which provides that when a plaintiff prevails a "court may award to the plaintiff and assess against the defendant the reasonable costs and expenses, including attorneys' fees[.]" N.C. Gen. Stat. § 95-243. As such, an award of attorneys' fees is warranted here. Accordingly, the lone remaining question is whether the fees requested by the Plaintiff are reasonable. To make that determination, the Court applies the factors laid out by the Fourth Circuit. See Grissom, 549 F.3d at 321.

### 1. Time and Labor Expended

The Plaintiff's attorneys incurred 83.5 hours on this case. [Doc. 14 at 4]. That time was expended effectuating service of process on the Defendants, securing entry of default against the Defendants, seeking default judgment against the Defendants, and attending the hearing held by the Court on the Motion for Default Judgment. [See Doc. 14-1 at ¶ 7]. The Court has carefully reviewed the billing records submitted by the Plaintiff and finds that the time expended by her attorneys attempting service of process on the Defendants, seeking an entry of default against the Defendants, and securing a default judgment against the Defendants was necessary and reasonable. [Id. at 9-34]. As such, this factor weighs in favor of the reasonableness of the requested fee.

5

### 2. Novelty and Difficulty of the Questions Raised

This case required the Plaintiff's attorneys to establish the Plaintiff's entitlement to a default judgment on three separate claims with three separate bodies of relevant case law. The questions presented by those claims, however, should not have been particularly difficult for the Plaintiff's attorneys, who attest that they regularly handle employment cases. [Doc. 14-1 at ¶¶ 2-6]. As such, this factor neither weighs in favor or against the reasonableness of the requested fee award.

### 3. Skill Required to Properly Perform the Legal Services

As discussed above, the questions presented by this case should not have been particularly challenging for attorneys experienced in employment cases. Nevertheless, the Defendants' unwillingness to waive service or enter an appearance in this matter forced the Plaintiff's attorneys to spend time and effort exhausting avenues for service of process and documenting those efforts to secure entry of default. While performing those actions does not take significant skill, properly documenting those actions to ensure that default will be entered does require some skill. As such, this factor neither weighs in favor or against the reasonableness of the requested fee award.

## 4. Opportunity Costs of Litigation

The Plaintiff's attorneys contend that the demands of this litigation prevented them from devoting time to other matters. [Doc. 14 at 8; Dog. 14-1 at ¶ 12]. Under the relevant factors, an "attorneys' opportunity costs include the higher rates they would have otherwise charged in other cases and projects." Irwin Indus. Tool Co. v. Worthington Cylinders Wis., LLC, 747 F. Supp. 2d 568, 596 (W.D.N.C. 2010). Accordingly, this factor weighs in favor of the reasonableness of the requested award.

## 5. Customary Fee for Similar Work

The Plaintiff requests rates of $275 and $290 per hour for Jason Chestnut and $425 and $450 per hour for Craig L. Leis. [Doc. 4 at 14]. To support that request, the Plaintiff submits declarations from several employment-law attorneys who practice in this District. [Doc. 14-1 at 36-69; Doc. 14-2]. According to those declarations, rates for senior employment-law attorneys in this District are between $325 and $800 per hour and rates for associate employment-law attorneys are between $200 and $400 per hour. [Id.].

As the Fourth Circuit has recognized:

> Determination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of a requested rate. In addition to the

7

>attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award. Although the determination of a market rate in the legal profession is inherently problematic, as wide variations in skill and reputation render the usual laws of supply and demand largely inapplicable, the Court has nonetheless emphasized that market rate should guide the fee inquiry.

Robinson v. Equifax Info. Svcs., LLC, 560 F.3d 235, 244 (4th Cir. 2009) (citing Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990)). In addition to consideration of specific evidence regarding the prevailing market rate, the Court may rely upon its own knowledge and experience of the relevant market in determining a reasonable rate. See Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 179 (4th Cir. 1994) ("[T]he community in which the court sits is the first place to look to in evaluating the prevailing market rate.").

Upon review of the Declarations [Docs. 14-1, 14-2] submitted by the Plaintiff, the Court finds that the fees requested are within the prevailing local market rate in this District for similar employment litigation.[1] Accordingly, this factor weighs in favor of the reasonableness of the requested fee.

---

[1] While the Plaintiff's declarations all reference the rates of Charlotte attorneys, the Court has previously held that the rates for Charlotte attorneys are relevant when determining the prevailing market rate for actions in the Asheville Division. Textron Fin. Corp. v. Seven Falls Golf & River Club, LLC, No. 1:09CV312, 2011 WL 251115, at *9 (W.D.N.C. Jan. 25, 2011). The Court notes, however, that the prevailing rates in the Asheville Division tend to be lower than the Charlotte Division.

8

### 6. Attorneys' Expectation at Outset of Litigation

At the outset of litigation, the Plaintiff's attorneys agreed to take this case on a contingent basis and advance litigation expenses despite the possibility that the Plaintiff may not be able to recover from the Defendants. [Doc. 14 at 8]. Accordingly, this factor weighs in favor of the reasonableness of the requested fee.

### 7. Time Limitations

The Plaintiff does not claim that this case involved any urgency or any particular time limitations. As such, this factor neither weighs in favor or against the reasonableness of the requested fee award.

### 8. Experience, Reputation, and Ability of Counsel

As discussed in the Chestnut Declaration, the attorneys who worked on the Plaintiff's suit all focus exclusively or in large part on employment litigation. [Doc. 14-1 at ¶¶ 2-6]. Those attorneys' ability is shown by the declarations submitted in support of the request for attorneys' fees. [See Doc. 14-1 at ¶ 7]. As such, this factor weighs in favor of the reasonableness of the requested fee.

### 9. Undesirability of the Case in the Legal Community

This case was somewhat undesirable. Employment discrimination cases are not particularly popular among lawyers. Thomas v. Cooper Indus.,

Inc., 640 F. Supp. 1374, 1378 (W.D.N.C. 1986). Those cases often involve situations where the "potential damages are low and the risk of protracted litigation [is] high." Fisher v. SD Prot. Inc., 948 F.3d 593, 603 (2d Cir. 2020). Nevertheless, the Plaintiff's counsel are experienced employment lawyers who likely knew that the Defendants' conduct could lead to treble damages under REDA. As such, this factor neither weighs in favor or against the reasonableness of the requested fee award.

### 10. Relationship between the Attorneys and Clients

Before this litigation, the Plaintiff's attorneys had no professional relationships with the Plaintiff. [Doc. 14 at 9]. The Plaintiff's lawyers do not anticipate having an ongoing professional relationship with the Plaintiff. [Id.]. As such, this factor neither weighs in favor or against the reasonableness of the requested fee award.

### 11. Fee Awards in Similar Cases

Within the Fourth Circuit, contingent fees of roughly 33% are common. See, e.g., Kirkpatrick v. Cardinal Innovations Healthcare Sols., 352 F. Supp. 3d 499, 505 (M.D.N.C. 2018) (33.39%); Kirven v. Cent. States Health & Life Co. of Omaha, No. CA 3:11-2149-MBS, 2015 WL 1314086, at *13 (D.S.C. Mar. 23, 2015) (33%); Reynolds v. Fid. Investments Institutional Operations Co., Inc., No. 1:18-CV-423, 2020 WL 92092, at *3 (M.D.N.C. Jan. 8, 2020)

10

Case 1:19-cv-00190-MR-WCM   Document 15   Filed 06/09/20   Page 10 of 16

(33%). In FLSA cases, however, "courts have rejected the notion that fee awards should be proportionately tied to a plaintiff's recovery." Vasquez v. Ranieri Cheese Corp., 2011 WL 554695, at *4 (E.D.N.Y. Feb. 7, 2011); see also Fisher, 948 F.3d at 603 (if courts imposed a proportional limit on attorneys' fees in FLSA cases "no rational attorney would take on these cases unless she were doing so essentially pro bono."). While there is no proportional cap for fees in an FLSA action, it is notable that contingent fees of 33% are commonly awarded and the Plaintiff's attorneys seek fees that represent only about 20% of the total judgment. As such, this factor tends to support the reasonableness of the requested fee award.

### 12. Amount Involved and Results Obtained

As noted by the Supreme Court, "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)). Here, the Court awarded $150,571.56 against FCI under the REDA and $3,168.14 jointly and severally against FCI and Forga under the NCWHA and the FLSA. [Doc. 11 at 28-29]. That included treble damages under REDA. [Id. at 28]. Those amounts reflect the Plaintiff's greatest possible recovery under those statutes. See N.C. Gen

11

Case 1:19-cv-00190-MR-WCM   Document 15   Filed 06/09/20   Page 11 of 16

Stat. § 95-243(c); 29 U.S.C. § 216(b); N.C. Gen. Stat. § 95-25.22.  As such, this factor weighs in favor of the reasonableness of the requested fee.

After consideration of all the above factors, the Court concludes that the lodestar method results in a reasonable award.  As such, the Court will award the Plaintiff $25,705 in attorneys' fees.

### 13. Award of Fees against Each Defendant

The Plaintiff pursued all of her claims against both Defendants.  The Court, however, determined that the Plaintiff has not presented a REDA claim against Forga individually.  The REDA claim against FCI forms the basis for the lion's share of the default judgment that the Plaintiff has been awarded, and thus forms the majority of the basis for determining that the $25,705 attorney's fees award is reasonable.  It does not follow, however, that the $25,705 in fees is properly or reasonably awarded against Forga, who was liable to the Plaintiff only on the FLSA and NCWHA claims that comprise a small portion of the Plaintiff's total recovery.  Thus, the Court must make a separate determination of the attorneys' fees that the Plaintiff may recover against Forga pursuant to the FLSA and the NCWHA by employing the Grissom factors.  See 549 F.3d at 321.

The time and labor expended, the novelty and difficulty of the questions at issue, and the amount involved and results obtained all weigh in favor of

imposing a larger share of the total fee award solely against FCI pursuant to the REDA claim. Id.[2]

With regard to the time and labor expended, most of the time entries in the billing records submitted by the Plaintiff's attorneys do not specify a particular claim being pursued during that time. Several time entries in the billing records, however, state that the time was incurred researching and discussing the REDA claim. [Doc. 14-1 at 27-32]. None of the time entries in the billing records state that the time was incurred for research or discussion of the FLSA or NCWHA claims. As such, it appears that most of the time and labor in this case directed towards a specific claim was related to the REDA claim. Accordingly, the time and labor expended weigh in favor of imposing a larger share of the total fee award against FCI.

With regard to the novelty and difficulty of the questions at issue, liability under the REDA for an individual employer was a matter of first impression for this Court and for any other court in North Carolina. Indeed, the Plaintiff's attorneys incurred time researching and discussing individual liability under the REDA. [Doc. 14-1 at 28]. The NCWHA and FLSA claims did not involve similar difficult or novel issues. In other words, the novel

---

[2] The other factors have little application to the determination of the fee award against each Defendant. As such, there is no need for the Court to discuss those factors more than it already has.

13

portion of the Plaintiff's claim against Forga was the claim on which the Plaintiff was unsuccessful. As such, the novelty and difficulty of the questions at issue weigh in favor of imposing a larger share of the total fee award against FCI.

With regard to the amount involved and the results obtained, the Court awarded $150,571.56 solely against FCI under the REDA and $3,168.14 against both Defendants under the NCWHA and the FLSA. [Doc. 11 at 28-29]. The Plaintiff claims it incurred $2,410 in fees pursuant to the REDA claim and thereby ostensibly claims that it incurred $23,295 in fees pursuant to the FLSA and NCWHA claims. [Doc. 14 at 4 n. 1]. It makes little sense to award the fees in such a disproportionate manner (the REDA claim would result in $150,571.56 in damages and only $2,410.00 in fees while the FLSA and NCWHA claims would result in $3,168.14 in damages and $23,295.00 in fees). Accordingly, the amount involved and results obtained weigh in favor of imposing a larger share of the total fee award against FCI.

In short, the determination of what amount of attorneys' fees should be awarded against Forga individually should be driven by the amount of time and effort counsel would reasonably have expended if pursuing just the FLSA and NCWHA claims against Forga individually, and only had recovered the $3,168.14 that she has been awarded on those claims. Such

determination cannot be made by way of calculation from the time records provided. In such a situation, counsel should not reasonably be limited to the contingent percentage shown in the fee agreement. Such a decision would dissuade most employment attorneys from pursuing such straight-forward FLSA and NCWHA claims, which would thwart the underlying purpose of both statutes. See Fisher, 948 F.3d at 603. Applying all of the Grissom factors that pertain to the successful claims against Forga individually, the Court finds that an award of attorneys' fees in the amount of $10,000 against Forga is reasonable and warranted in this case.

For these reasons, the Court will award the Plaintiff $25,705 in attorneys' fees, of which the Plaintiff shall recover $15,705 solely from FCI under the REDA and $10,000 jointly and severally from FCI and Forga under the FLSA and the NCWHA. N.C. Gen. Stat. § 95-243; 29 U.S.C. § 216(b); N.C. Gen. Stat. § 95-25.22.

### B. Costs

In addition to attorneys' fees, the Plaintiff seeks an award of $400 in costs for the filing fee in this matter and submits an invoice supporting that request. [See Doc. 14-1 at 70]. The FLSA allows successful plaintiffs to recover costs including filing fees. 28 U.S.C. § 1920; Andrews v. Am.'s Living Ctrs, LLC, No. 1:10-CV-00257-MR-DLH, 2017 WL 3470939, at *11

15

(W.D.N.C. Aug. 11, 2017) (Reidinger, J.). As such, the Court finds the requested costs to be reasonable and therefore awards the Plaintiff $400 in costs. See 28 U.S.C. § 1920.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's request for attorneys' fees is **GRANTED**, and the Plaintiff shall have and recover $15,705 in attorneys' fees solely from FCI, $10,000 in attorneys' fees jointly and severally from FCI and Forga, and $400 in costs jointly and severally from FCI and Forga.

**IT IS SO ORDERED.**

Signed: June 8, 2020

Martin Reidinger
Chief United States District Judge