# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00190-MR-WCM

| | |
|---|---|
| ANGELA EARLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| FORGA CONTRACTING, INC. and ) | |
| WILLIAM SCOTT FORGA, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendants' Motion for Relief from Entry of Default and Default Judgment. [Doc. 32].

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 6, 2019, the Plaintiff Angela Earls (the "Plaintiff") initiated this action against Forga Contracting, Inc. ("FCI") and its sole owner, William Scott Forga ("Forga" and collectively the "Defendants"). [Doc. 1]. In her Complaint, the Plaintiff alleged that at all relevant times she was employed by FCI. [Id. at 4]. The Plaintiff asserted claims for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); the North Carolina Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen. Stat. § 95-241 et seq; the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-

25.1 et seq; and North Carolina Public Policy. [Id. at 7-9]. The Defendants were served with a copy of the summons and Complaint on July 22, 2019, and the Plaintiff filed affidavits of service with the Court on July 30, 2019. [Doc. 3; Doc. 4].

On September 24, 2019, the Plaintiff moved for entry of default, and the Clerk entered a default against the Defendants. [Doc. 5; Doc. 6]. On December 26, 2019, the Plaintiff filed a Motion for Entry of Default Judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. [Doc. 8]. On August 27, 2020, the Court entered a default judgment against the Defendants and awarded the Plaintiff $150,571.56 from FCI under N.C. Gen. Stat. § 95-243(c), $3,168.14 from FCI and Forga under N.C. Gen. Stat. § 95-25.22 and 29 U.S.C. § 216(b), and attorneys' fees. [Doc. 16].

The Defendants were served with the default judgment in December of 2020, and Defendant Forga contacted the office of Attorney Pat Smathers. [Doc. 32-1 at ¶¶ 66-70]. On or about December 28, 2020, the Defendants were also served with the Notice of Right to Have Exemptions Designated and the Notice to Claim Exempt Property, which Defendant Forga sent to Mr. Smathers' office. [Id. at ¶¶ 75-78]. Defendant Forga scheduled a telephone call with Mr. Smathers for January 6, 2021, but Mr. Smathers did not call. [Id. at ¶¶ 77-81]. On March 5, 2021, the Clerk issued Writs of Execution

against the Defendants. [Doc. 25, 26]. On April 30, 2021, the Defendants were served with the Writs of Execution, and Defendant Forga, again, contacted Mr. Smathers' office. [Doc. 35 at ¶ 6; see also Doc. 32-1 at ¶¶ 84-85]. In May of 2021, Defendant Forga spoke with Mr. Smathers for the first time, and Mr. Smathers declined to represent the Defendants. [Doc. 32-1 at ¶¶ 86-88]. The Defendants then obtained their present counsel and filed this Motion for Relief from Entry of Default and Default Judgment on June 16, 2021. [Doc. 32].

## II.  STANDARD OF REVIEW

Rule 55(c) of the Federal Rules of Civil Procedure provides: "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) allows a court to relieve a party from a judgment on several grounds, including "mistake, inadvertence, surprise, or excusable neglect; . . . [if] the judgment is void; . . . or any other reason that justifies relief." Id. at 60(b). A motion under Rule 60(b) "must be made within a reasonable time" and must be made within a year of the entry of the judgment if it is based on mistake, inadvertence, surprise, or excusable neglect. Id. at 60(c)(1).

"Rule 60(b) motions are addressed to the sound discretion of the district court." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.,

843 F.2d 808, 810 (4th Cir. 1988). "The law disfavors default judgments as a general matter[,]" Tazco, Inc. v. Dir., Off. Workers Comp. Program, U.S. Dep't of Labor, 895 F.2d 949, 950 (4th Cir. 1990), and the Fourth Circuit has recently "taken an increasingly liberal view of Rule 60(b)," Augusta Fiberglass Coatings, Inc., 843 F.2d at 810. As such, "a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." Consol. Masonry & Fireproofing, Inc., v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967). A court considering a motion to set aside a default judgment also should "consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006).

## III. DISCUSSION

The Defendants filed their Motion for Relief from Entry of Default and Default Judgment under Rule 55(c) and Rule 60(b). However, Rule 55(c) only applies to setting aside *entries* of default, not default *judgments*. Here, the Court entered a final default judgment. [Doc. 16]. Thus, the Court must analyze the Defendants' motion under Rule 60(b).

### A. Rule 60(b)(4)

The Defendants argue that they are entitled to relief under Rule 60(b)(4) because the default judgment is void based "on three jurisdictional and procedural grounds." [See Doc. 32 at 3].

First, the Defendants argue that the Court does not have jurisdiction over Defendant FCI because the Plaintiff failed to properly serve FCI. [Id.]. Rule 4 of the Federal Rules of Civil Procedure provides two methods for serving a corporation in the United States. A corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a corporation may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Id. at 4(e)(1), (h)(1)(A).

The North Carolina Rules of Civil Procedure provide that a corporation may be served in several ways, including by "delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process *or by serving process upon such agent or the* party *in a manner specified by any statute*." N.C. R. Civ.

P. 4(j)(6)(b) (emphasis added). Thus, in North Carolina, a corporation may be served by serving a corporation's authorized agent using any method that would constitute proper service of an individual, including by leaving copies of the summons and complaint at the agent's residence with a "person of suitable age and discretion." N.C. R. Civ. P. 4(j)(1)(a); <u>Great Dane Trailers, Inc. v. North Brook Poultry, Inc.</u>, 242 S.E.2d 533, 535 (N.C. Ct. App. 1978) (holding that service on a corporation was proper where the corporation's authorized agent was served by leaving a copy of the summons and complaint with the agent's wife at the agent's residence).

Defendant Forga is an agent authorized to accept service of process on behalf of Defendant FCI. [Doc. 35-1 at 1]. The Plaintiff served Defendant FCI by leaving a copy of the summons and Complaint with Forga's girlfriend at Forga's residence. [<u>See</u> Doc. 3; Doc. 4]. This method of service complies with North Carolina's rules for serving a corporation. Therefore, the default judgment is not void for insufficient service of process.

The Defendants also argue that the default judgment must be set aside because the Defendants were not served with the Plaintiff's Motion for Entry of Default as required by Rule 5(a) of the Federal Rules of Civil Procedure. [Doc. 32 at 3]. Rule 5(a) requires that written motions be served, but "[n]o

service is required on a party who is in default for failing to appear." Fed. R. Civ. P. 5(a).

Even if service of a motion for entry of default were required by the Rules, Forga concedes that the Defendants were served with the summons and Complaint in July of 2019 and with the default judgment in December of 2020. [See Doc. 32-1 at ¶¶ 65-66]. Despite this, the Defendants failed to take timely action and waited to file their present motion for relief until June 16, 2021, six months after they were notified of the default judgment against them. Even though the Plaintiff's failure to serve the request for entry of default might be a technical violation of Rule 5(a),[1] such failure would not serve to void the default judgment under these circumstances.

---

[1] The Fourth Circuit has not ruled on whether Rule 5(a) requires that parties be served with a motion for entry of default, but other courts have held that it does. Burlington Ins. Co. v. F. Moss Wrecking Co., 2013 WL 3188874 at *2 (E.D. Mich. June 20, 2013) ("Unless and until the Clerk enters a default against a party, that party, by definition, is not yet in default."); see also Estate of Wyatt v. WAMU/JP Morgan Chase Bank, 2011 WL 3163242 at *3-4 (E.D. Mich. July 27, 2011); Mosley v. Faurecia Auto. Seating, Inc., 2008 WL 1925051 at *2 (E.D. Mich. May 1, 2008); Simmons v. Ohio Civil Serv. Emp. Ass'n, 259 F. Supp. 2d 677, 685-86 (S.D. Ohio Apr. 10, 2003). On the other hand, several courts have held to the contrary. Sharp v. Maricopa Cnty., 2009 WL 4826995 at *4 (D. Ariz. Dec. 15, 2009) ("Defendants' argument about Plaintiff's failure to serve them [with the request for entry of default] is not well taken. Rule 5 provides an explicit exception to the service requirement in such instances."); see also Bryant v. Springleaf Fin. Servs., Inc., 2015 WL 1298419 at *3 (D.S.C. Mar. 23, 2015) ("For the purposes of FRCP 5(a)(2), a party has failed to appear if it does not appear within the time proscribed for answering or otherwise responding to the complaint; no entry of default by the clerk is required."); D'Angelo v. Potter, 221 F.R.D. 289, 292 (D. Mass. May 17, 2004) ("[F]or a party to be in default [for the purposes of Rule 5(a)], the Court need not have adjudicated a default."); Allstate Ins. Co. v. Davis, 2008 WL 2428871 at *1 (E.D. Ark. June 12, 2008) ("Notice [of a motion for summary judgment] is not required even when the clerk has not yet entered the party's

The Defendants further argue that the default judgment is void because they appeared by implication, and the Plaintiff did not serve them with her motion for default judgment as required by Rule 55(b)(2) of the Federal Rules of Civil Procedure. [Doc. 32 at 3].

Rule 55(b)(2) provides that "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the [motion for default judgment] at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2). Courts have construed the term "appear" broadly such that "appearances by implication are often sufficient to constitute an appearance for the purposes of Rule 55." Trust Co. Bank v. Tingen-Millford Drapery Co., Inc.,119 F.R.D. 21, 22 (E.D.N.C. Dec. 16, 1987). A party need not physically appear or file documents with the court to appear by implication. Id. Instead, an appearance by implication "can arise as a result of an objective manifestation of intent on the part of the defendant or counsel to defend the action." Id. (concluding that the defendant appeared by implication where

---

default at the time a motion was filed, so long as the party was properly served, and has not appeared."). The Court need not decide this issue, because even if service of the motion would otherwise be required, the Defendants' extreme delay in responding to the summons, Complaint and Judgment that were admittedly served is fatal to the Defendants' current motion. The Court notes, however, that if service of a motion for entry of default were to be required, and a Defendant given a new opportunity to respond, this would render the deadline set out in the summons and in Rule 4(a)(1)(D) to be entirely perfunctory.

counsel for the parties discussed an extension of time to file via telephone); see also Starr Consulting, Inc. v. Global Res. Corp., 2007 WL 4380101 at *3-4 (M.D.N.C. Dec. 11, 2007) (concluding that the defendant appeared by implication where the parties engaged in settlement negotiations).

In addition to initiating this lawsuit, the Plaintiff filed two administrative claims against the Defendants: a workers' compensation claim with the North Carolina Industrial Commission and a REDA complaint with the North Carolina Department of Labor ("NCDOL"). [Doc. 32-1 at ¶¶ 41-43]. The Defendants responded to these administrative claims. [Id.]. However, the Plaintiff's Complaint in *this* lawsuit asserted separate and distinct claims under FLSA, NCWHA, and North Carolina public policy that were not included in her administrative claims. Moreover, the Plaintiff did not assert a workers' compensation claim in her Complaint here, and the Plaintiff's REDA complaint file at the NCDOL was closed on June 5, 2019, [Doc. 35-7], before the Plaintiff initiated this lawsuit. Therefore, the Defendants' responses to the Plaintiff's administrative claims do not demonstrate an intent to defend *this* action. The Plaintiff had no obligation to serve the Defendants with her motion for default judgment, and the judgment is not void for failure to do so.

**B. Rule 60(b)(1)**

The Defendants also argue that they are entitled to relief from the default judgment because their failure to respond to the Plaintiff's Complaint constitutes "excusable neglect" under Rule 60(b)(1). [Doc. 32 at 4]. According to the Defendants, Defendant Forga confused this lawsuit with the Plaintiff's then-pending workers' compensation claim. [Doc. 32-1 at ¶ 52]. Thus, because the Plaintiff's workers' compensation claim was being addressed by an attorney who represented FCI, the Defendants took no action regarding this lawsuit until they were served with the default judgment in December of 2020. [Id. at ¶¶ 54, 65-70]. At that point, Defendant Forga contacted the office of a different attorney, Pat Smathers, who had previously represented Defendant Forga in other matters. [Id. at ¶¶ 65-70]. Defendant Forga scheduled a phone call with Mr. Smathers for January 6, 2021, but he received no contact from Mr. Smathers until May of 2021, when Mr. Smathers declined to represent the Defendants. [Id. at ¶¶ 77-87]. Despite having no contact with Mr. Smathers for nearly five months, Defendant Forga asserts that, during that time, he believed "Mr. Smathers would handle the matter." [Id. at ¶ 79].

Defendant Forga's confusion does not support a finding of excusable neglect on the part of the Defendants. The Plaintiff's Complaint in *this* lawsuit

alleged four causes of action that are different from her workers' compensation claim. A cursory reading of the Plaintiff's Complaint would have revealed that it related to an action entirely separate from her workers' compensation claim.

Even if the Court found the Defendants' conduct to be excusable, the Defendants still would not be entitled to relief under Rule 60(b) because they failed to act with reasonable promptness. Instead, the Defendants delayed by waiting six months after receiving notice of the default judgment to move for relief. See Consol. Masonry & Fireproofing, Inc., 383 F.2d at 251 (waiting "more than two and one-half months" after entry of default judgment to move for relief was not prompt); Cent. Operating Co. v. Utility Workers of Am., AFL-CIO, 491 F.2d 245, 252 (4th Cir. 1974) (waiting "almost four months" after notice of default judgment to move for relief was not prompt); In re DeCoro USA, Ltd., 2010 WL 3463372 at *3 (Bankr. M.D.N.C. Sept. 2, 2010) (waiting seven months after service of default judgment to move for relief was not prompt).

The Defendants' delay is not excused by Defendant Forga's reliance on Mr. Smathers. [See Doc. 33 at 22]. Nothing in the record indicates that the Defendants formally retained Mr. Smathers to represent them in this matter. Moreover, despite waiting nearly five months to have any direct

contact with Mr. Smathers, the Defendants made no effort to seek other counsel, even as they continued to receive documents related to this case. [See Doc. 32-1 at ¶¶ 70-87].

For all these reasons, the Court concludes that the Defendants are not entitled to relief from the entry of default and default judgment.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Relief from Entry of Default and Default Judgment [Doc. 32] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 24, 2021

Martin Reidinger
Chief United States District Judge